UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUD ROSSMANN,<br><br>Plaintiff,<br><br>vs.<br><br>KIRSTJEN NIELSEN, SECRETARY OF HOMELAND SECURITY; L. ERIC PATTERSON, DIRECTOR OF THE FEDERAL PROTECTIVE SERVICE; JOSEPH MAHER, DEPARTMENT OF HOMELAND SECURITY DEPUTY GENERAL COUNSEL; and JOHN DOES ONE THROUGH THREE,<br><br>Defendants. | 4:17-CV-4163-RAL<br><br>OPINION AND ORDER DISMISSING CASE |

Plaintiff Brud Rossman (Rossmann) filed this pro se complaint against Elaine Duke,[1] the Acting Secretary of the Department of Homeland Security (DHS), L. Eric Patterson, Director of the Federal Protective Service (FPS), Joseph Maher, DHS General Counsel, and John Does One, Two, and Three, alleging that the government had effected "an unlawful and eternal false arrest" of Rossmann. Doc. 1 at ¶ 4. Rossmann did not pay any filing fee, but rather submitted a motion to proceed in forma pauperis. Doc. 3. On December 14, 2017, this Court entered an Opinion and Order that directed Rossman to show cause within thirty days as to why this filing should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as a frivolous and malicious filing. Doc.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), a public officer's successor is automatically substituted as a party. Kirstjen Nielsen was confirmed by the United States Senate as the Secretary of Homeland Security on December 5, 2017.

1

6. Rossman has failed to file anything with this Court within that timeframe. For the reasons explained, Rossman's case is dismissed.

I. Background

The allegations in Rossmann's complaint are somewhat difficult to decipher. In essence, Rossmann alleges that the state of Alabama falsely issued an arrest warrant for Rossmann as a terrorist threat, and cc'd unknown "@jsu.edu" email addresses. Doc. 1 at ¶ 41. The warrant purportedly was either dismissed by a local United States Attorney, Doc. 1 at ¶ 9, or criminal proceedings were never initiated. Doc. 1 at ¶ 43. However, this false arrest warrant allegedly was spread—via a series of hacks perpetrated by government contractors and perhaps the unknown email addresses—across many federal computer systems, including the DHS and FPS systems. Doc. 1 at ¶¶ 5, 41–42. Consequently, Rossmann claims that he is unable to obtain a passport, travel, or go to any federal facility protected by the FPS without being unlawfully arrested. Doc 1 at ¶¶ 11–13, 37. Rossmann asserts that he has spoken with individuals within DHS about removing the unlawful warrant from their system to no avail. Doc. 1 at ¶¶ 33–36. As a result of the DHS's failure to remove the warrant, Rossmann claims his limited resources are being consumed. Doc. 1 at ¶ 57. Rossmann seeks $10,000,000.00 in damages from the named defendants, injunctive relief in the form of the deletion of the false arrest warrant from the relevant government systems, declaratory relief that the "cretins" responsible are found to be "contemptible human scum," and any other relief that the Court deems proper. Doc. 1 at 25.

II. Discussion

The United States Supreme Court explained that the federal in forma pauperis statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (internal citation omitted). To that end, it allows a litigant

to file a claim if they cannot afford the costs of a lawsuit. Id. However, federal courts are empowered to screen unwarranted suits. The Supreme Court articulated this principle:

> Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)] authorizes federal courts to dismiss a claim filed in forma pauperis if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious. Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.

Id. (internal citations and quotations omitted). An action may be deemed frivolous or malicious, and thus subject to summary dismissal pursuant to § 1915(e)(2)(B)(i), "if it is filed in bad faith to harass the named defendants or if it presents abusive or repetitive claims." Mayard v. Tallarico, No. CIV. 13-661 DWF/JJK, 2013 WL 2470243, at *2 (D. Minn. June 7, 2013) (internal citations omitted); see also Carter v. Shafer, 273 Fed. App'x. 581, 582 (8th Cir. 2008) (unpublished opinion) (affirming dismissal of suit as malicious where plaintiff had filed 30 lawsuits in previous five years raising same or substantially similar issues and collecting similar cases).

Rossmann's action appears to warrant dismissal as a malicious filing. He filed this action with this Court on November 30, 2017. A review of the Public Access to Court Electronic Records (PACER) indicates that between November 27 and November 30, Rossmann filed this same suit in at least seven other federal district courts in Arizona, Colorado, Kentucky, Oklahoma, Texas, Utah, and Wyoming. See Rossmann v. Duke et al., 2:17-cv-04332-ESW; Rossmann v. Duke et al., 17-cv-02839-GPG; Rossmann v. Duke et al., 5:17-cv-00467-KKC; Rossmann v. Duke et al., 5:17-cv-01274-HE; Rossmann v. Duke et al., 4:17-mc-03124; Rossmann v. Duke et al., 2:17-cv-01227-CW; Rossmann v. Duke et al., 1:17-cv-00199-SWS. The primary difference between each of these filings is that Rossmann listed an address within each district where he filed. This case alleges a Sioux Falls address, but Rossmann claims to

3

have residences in Chandler, Arizona; Denver, Colorado; Lexington, Kentucky; Oklahoma City, Oklahoma; Houston, Texas; Salt Lake City, Utah; and Casper, Wyoming, among others. Searching beyond the present case, a review of PACER indicates that Rossmann has filed over 100 cases in various federal district courts since 2010. Many of these cases are, as here, duplicative of each other.

Congress has empowered the federal courts to dismiss frivolous or malicious lawsuits filed by individuals who attempt to use 28 U.S.C. § 1915 to abuse the federal court system. The Eighth Circuit has held that the filing of multiple lawsuits alleging the same or similar claims is malicious under that statute. Carter, 273 Fed. App'x at 582. Rossmann's complaint in this case has all the hallmarks of a malicious suit that would typically be subject to dismissal. Because this Court is mindful to allow legitimate pro se filers access to the courts, this Court allowed Rossman thirty days to show cause as to why his filing did not constitute the type of frivolous or malicious action that § 1915(e)(2)(B)(i) empowers this Court to dismiss. In its prior ruling, this Court stated: "If Rossman does not respond within thirty days of sending of this order to the address he lists in Sioux Falls or if the Sioux Falls address is phony, this Court will dismiss the case." Doc. 6 at 4. The address Rossman listed in Sioux Falls turned out to be invalid or insufficient. Doc. 7. That letter was returned, so the Clerk of Court resent the prior order to Rossman's address in Washington, D.C., that was listed on the envelope that contained the original complaint, on December 20, 2017. Doc. 8. In the thirty days since Rossman was sent that prior order, he has not responded.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that Rossmann's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as a frivolous, malicious, or repetitive lawsuit.

DATED this 24th day of January, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE